UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TITUS WILLIS #190961,

    Plaintiff,

v

CORIZON HEALTH, INC., *et al.*,

    Defendants.

NO. 2:21-cv-11184

HON. PAUL D. BORMAN

MAG. DAVID R. GRAND

| | |
|---|---|
| Titus C. Willis #190961<br>*In Pro Per*<br>Lakeland Correctional Facility<br>141 First Street<br>Coldwater, MI  49036 | Joseph Y. Ho (P77390)<br>Assistant Attorney General<br>Attorney for MDOC Defendants<br>   Duane Waters Hospital,<br>   Bradley, Stewart & Woolsey<br>Mich. Dep't of Attorney General<br>MDOC Division<br>P.O. Box 30217<br>Lansing, MI 48909<br>(517) 335-3055<br>hoj@michigan.gov |

/

# EX. 1: AFFIDAVIT OF RICHARD RUSSELL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TITUS WILLIS #190961,

    Plaintiff,                     NO. 2:21-cv-11184

v                              HON. PAUL D. BORMAN

CORIZON HEALTH, INC., *et al.*,      MAG. DAVID R. GRAND

    Defendants.

_____/

## AFFIDAVIT OF RICHARD RUSSELL

I, Richard Russell, being duly sworn, depose and say as follows:

1. I am presently the Hearings Administrator and the Manager of the Grievance Section in the Office of Legal Affairs (OLA) of the Michigan Department of Corrections (MDOC), with my office in Lansing, Michigan. I have held this position since May 1, 2011.

2. If sworn as a witness, I can testify competently and with personal knowledge to the facts contained within this affidavit.

3. As the Manager of the Grievance Section my duty is the oversight of the Step III prisoner grievance process as defined in MDOC Policy Directive (PD) 03.02.130, "Prisoner/Parolee Grievances."

4. When my office receives an appeal to Step III, the first page (usually the CSJ-247B Step II/III grievance appeal form) is stamped with the date of receipt. Historically, and until mid-2019, when my office received a Step III submission, it would have been examined by office staff to see whether it was complete, i.e., whether it contained the documents required by PD 03.02.130 for processing:

- The completed CSJ-247A Step I Grievance Form (the prisoner needed to have completed all sections to describe the issue being grieved, and signed the form);

- Any attachments referenced in the CSJ-247A Step I Grievance Form (most often a separate Step I Response page or a CSJ-247S Step I Grievance Response Supplemental Form);

- The completed CSJ-247B Step II/III Grievance Appeal Form (the prisoner needed to have completed the Step II and III reasons for appeal, and signed and dated the form); and

- Any attachments referenced in the CSJ-247B Step II/III Grievance Appeal Form (most often a separate Step II Grievance Appeal Response page).

At the time, if an appeal to Step III did not contain all the completed documents required by PD 03.02.130, OLA would have returned the entire submission to the grievant without further processing, accompanied by a cover letter highlighting the missing or incomplete document(s) so the grievant could resubmit a complete appeal; OLA did not retain a copy of an incomplete Step III appeal or the accompanying cover letter.  In mid-2019, OLA changed its practice such that an incomplete Step III appeal is logged into the Step III database (under its grievance identifier when provided), rejected, and returned to the grievant; OLA would retain a copy of the rejected Step III appeal.

5.      I have reviewed Titus Willis' (#190961) Step III Grievance Report (ECF No. 27-3, PageID.271–276), his arguments regarding JCF-18-12-2617-12e3

(JCF-2617) in his response to MDOC Defendants' summary judgment motion (ECF No. 49, PageID.442–443), and the grievance documents pertaining to JCF-2617 which he submitted with his response (ECF No. 49, PageID.452–464).

6. The document on PageID.453 is a CSJ-247A Step I Grievance Form which does not contain the grievance identifier number, or any marks or signatures suggesting that it was received by and processed by the MDOC at any steps of the grievance process. If this was the only copy of the Step I Grievance Form Willis included with his Step III appeal package, the package would have been deemed incomplete (for not containing a grievance number to indicate that it had been properly filed), and returned without processing.

7. The document on PageID.455 is the CSJ-247B Step II/III Grievance Appeal Form for JCF-2617, and its stamp "FEB 27 2019" resembles the stamp the OLA uses for Step III submissions, which suggests that it was received at Step III on February 27, 2019. Because this form references an attachment which contains the Step II response, a package that did not include the Step II response have been deemed incomplete and returned to Willis without processing. Because JCF-2617 does not appear in the Step III Grievance Report (ECF No. 37-3, PageID.271), it means that Willis' Step III submission for JCF-2617 (received on February 27, 2019) was incomplete and it would have been returned to him with instructions to submit the missing or incomplete document(s). Further, that fact that JCF-2617 does not appear in the Step III Grievance Report also means that Willis did not resubmit a complete Step III appeal packet for JCF-2617.

8.     The document on PageID.454 is the CSJ-247S Step I Grievance Response Supplemental Form for JCF-2617; the document on PageID.457 is the Step II Receipt for JCF-2617 generated by the JCF grievance coordinator; and the document on PageID.458 is the Step II Grievance Appeal Response for JCF-2617. Because Willis did not submit a complete Step III appeal packet for JCF-2617, I have no way of determining whether Willis provided any of these three documents with his incomplete Step III submission.

9.     The remaining documents appear to be documents generated by Willis (PageID.452, 456, 459–460, 462, 464) or kites submitted to who appears to be the JCF grievance coordinator McCumber-Hemry (PageID.461, 463); I have no way of determining whether Willis provided any of these documents with his incomplete Step III submission, or as to the veracity of what transpired between McCumber-Henry and Willis.

10.     I did not interfere with the processing of any Step III submission from Willis, and have no reason to believe that the processing of his Step III submission deviated from the policies in place at the time of receipt.  If my office had received a complete Step III submission from Willis, it would have been processed according to policy and logged in the Step III database, and would have appeared on Willis' Step III Grievance Report.

11.     The documents referenced in this affidavit are records of regularly conducted activity of the MDOC.  The records were made at or near the time of the occurrences reflected, by a person with knowledge of those matters, or from information transmitted by a person with knowledge of those matters.  These

documents are kept in the regular course of business of the MDOC.  Any copy of

these records attached to or accompanying this affidavit are true and accurate

copies of the original records.

AFFIANT SAYS NOTHING FURTHER.

"I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE
UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND
ACCURATE."

Date: December 16, 2021

*RD Russell*

Richard D. Russell
Grievance Section Manager &
 Hearings Administrator
Office of Legal Affairs
Mich. Dep't of Corrections